**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-0744-WJM

D.M.S.[1],                                    <u>**LEVEL 1 RESTRICTION**</u>

    Plaintiff,

v.

MARTIN O'MALLEY[2], Commissioner, Social Security Administration,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN**
**PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**

---

    On September 7, 2022, the Court vacated then-Acting Commissioner Kilolo Kijakazi's denial of Supplemental Security Income benefits ("SSI") to Plaintiff D.M.S ("Plaintiff").  (ECF Nos. 23, 24.)  The Court now considers Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("Motion") (ECF No. 25), which is narrowly contested by Commissioner Martin O'Malley ("Commissioner").  (ECF No. 25.)  For the reasons set forth below, the Motion is granted in part and denied in part.

**I.  LEGAL STANDARD**

    The Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("EAJA"), requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

---

[1] The Court refers to Plaintiff by initials only, as required by D.C.COLO.LAPR 5.2(b).

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Court substitutes Martin O'Malley as the Defendant in this action.

that the position of the United States was substantially justified . . . ."  28 U.S.C.

§ 2412(d)(1)(A).  "The Government bears the burden of showing that its position was

substantially justified. . . . The test for substantial justification in this circuit is one of

reasonableness in law and fact."  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.

1995).

## II. ANALYSIS

In its Order dated September 7, 2022, the Court ruled that the Administrative Law

Judge employed circular reasoning at step three of the five-step sequential evaluation

process and remanded this action to the Commissioner.  (ECF No. 23 at 5–7, 9.)  The

Commissioner concedes Plaintiff is entitled to attorney's fees, but "objects only

narrowly" as to the amount of fees the Court should award.  (ECF No. 26 at 1.)  For

good measure, the Commissioner further assents to Plaintiff's counsel's proposed rate

($222.50 per hour)—the Commissioner's narrow objection stems solely from the

number of hours appropriately compensated from the public fisc.  (*Id.* at 1–3, 6.)

Ultimately, the parties' views of the appropriate time spent on this action differ by

approximately 12.5 hours.  (*Compare id.* at 3 (suggesting 44.475 hours at most), *with*

ECF No. 27 at 3 (requesting 57.1 hours, including time for filing a reply brief in support

of the Motion).)  Before turning to the core of the parties' disagreement, the Court notes

that Plaintiff concedes the 0.55 hours she billed for clerical tasks are non-

compensable.[3]  (ECF No. 27 at 2.)

---

[3] The Court notes that Plaintiff's fee request bills the admittedly clerical tasks at a proposed paralegal rate ($160), even though they were completed by Plaintiff's counsel herself.  (ECF No. 25 at 3, 8; *see* ECF No. 25-1 at 1.)  Because these tasks are the only ones billed at the

With respect to that core dispute, the Commissioner makes the following arguments for limiting Plaintiff's fee award: (1) Courts have observed that 20 to 40 hours is typical for routine social security appeals, and "any time in excess" must be specifically justified (ECF No. 26 at 2–3 (quoting ); (2) Plaintiff's counsel spent excessive and unjustifiable time drafting opening and reply briefs on the merits (*id.* at 3–4); (3) Plaintiff's counsel spent excessive and unjustifiable time reviewing the Court's Order dated September 7, 2022, communicating with her client post-Order, and doing inadequately documented "research" and other post-Order tasks (*id.* at 4–5); and (4) the Court should not award additional fees for preparing a reply brief as to the fee award (*id.* at 6).

Plaintiff responds that: (1) courts regularly approve time in excess of 40 hours in social security appeals (ECF No. 27 at 1–2 (collecting cases)); (2) the time spent drafting the merits briefs was appropriate and necessary due to the number of arguments and the length of the administrative record (*id.* at 1); (3) the post-Order bills are reasonable and were required to adequately respond to the Commissioner's positions taken during conferrals prior to filing the Motion (*id.* at 2); and (4) time spent working on a fee-award reply brief is time "litigat[ing D.M.S.'s] position" and, therefore, appropriately awarded as fees (*id.* at 2–3.)

The Court has considered all of these arguments as well as the cases cited in support thereof, after which it concludes a modest reduction to Plaintiff's requested fee is appropriate.  Specifically, the Court awards Plaintiff $11,347.50 in fees, representing

---

proposed paralegal rate, the Court does not consider the appropriateness of that rate.  (*See* ECF No. 25-1 at 1–2.)

51 hours of attorney time at $222.50 per hour.  The Court reaches this amount as follows:

1.  The Court calculates Plaintiff's total requested hours: 56.65 + 1.00 = 57.65;

2.  The Court subtracts the time Plaintiff concedes is non-compensable clerical work: 57.65 – 0.55 = 57.10;

3.  The Court reduces Plaintiff's requested hours by 10% to account for inadequately detailed billing statements and litigation inefficiency.  But the Court declines the Commissioner's invitation to reduce the fee request further, given the lengthy administrative record, the complexity of the briefing, and Plaintiff's favorable result in a holistic consideration of the appropriateness of the requested fee and in light of the burden on the public fisc: 57.10 * 0.90 = 51.39;

4.  The Court rounds down the calculated compensable hours to the nearest whole hour for administrative purposes and to acknowledge that the award is well in excess of the helpful, though not binding, 20-to-40-hour "norm" observed by other courts: 51.39 ≈ 51.00; and

5.  The Court multiplies the rounded hours by the parties' agreed-upon hourly rate: 51.00 * $222.50 = $11,347.50.

Exercising its discretion in the award of fees, the existence of which is acknowledged by both parties (*see* ECF No. 25 at 8; ECF No. 26 at 6), the Court concludes this is an appropriate fee authorized by the EAJA.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. D.M.S.'s Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 25) is GRANTED IN PART and DENIED IN PART as set forth above; and

2. The Commissioner shall pay to D.M.S. $11,347.50, deliverable to D.M.S.'s attorney within thirty days of this Order.

Dated this 22nd day of May, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge